UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC FLORES,

Plaintiff,

v.

Civil Action No. 15-11359
Honorable David M. Lawson
Magistrate Judge David R. Grand

UNITED STATES ATTORNEY GENERAL
and FEDERAL BUREAU OF INVESTIGATION,

Defendants.
_________________________________/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [2] AND REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT [1]**

On April 14, 2015, *pro se* Plaintiff Eric Flores ("Flores") filed a 63-page complaint in this Court. (Doc. #1). On April 23, 2015, this case was referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #3).

Upon consideration of the financial information provided, the Court will GRANT Flores' application to proceed *in forma pauperis*. (Doc. #2). For the reasons stated below, the Court will RECOMMEND that Flores' complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

## II. REPORT

### A. Background

Flores's complaint is entitled "Petition to Challenge the Constitutionality of the First Amendment." (Doc. #1). From a review of Flores' pleading – which, in large part, is rambling and incoherent – it appears that Flores is attempting to bring a class action lawsuit on behalf of himself and seventeen other "Mexican American citizens of the United states," alleging that the

United States Attorney General and the Federal Bureau of Investigation are unlawfully interfering with religious practices, marriage, criminal investigations, and freedom of speech. (*Id.* at 2-4). Specifically, Flores claims that certain unspecified individuals have used "nuclear advanced technology with a direct signal to the satelite [sic] in outerspace [sic] that has the capability of calculateing [sic] a genetic code" in order to control and harm him, as well as numerous other Mexican-Americans, who are his friends, family members, or acquaintances. (*Id.* at 14, 19, 23). Flores seeks declaratory and injunctive relief and asks that the Court direct an investigation into these alleged violations. (Doc. #1-1 at 12-13).

**B. Certification of Class Action**

As an initial matter, Flores' request for class certification (Doc. #1 at 2) should be denied. Federal law prohibits *pro se* individuals from representing other litigants. *See* 28 U.S.C. §1654 ("In all courts of the United States the parties may plead and conduct ***their own cases*** personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") (emphasis added). Thus, like any litigant, while Flores may prosecute his claims *pro se*, he is limited to representing himself and may not act in a representative capacity for any other person. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007); *see also Flores v. U.S. Attorney Gen.*, 2015 WL 1757523, at *2 (E.D. Mo. Apr. 17, 2015) ("*Flores I*") (denying Flores' request for class certification in a similar *pro se* action).

**C. The Merits of Flores' Complaint**

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "frivolous" encompasses both "indisputably meritless" legal theories

and "fantastic or delusional" factual allegations. *Id.* at 327-28.

When reviewing a *pro se* complaint for frivolousness, the Court must hold it to less stringent standards than a complaint drafted by an attorney and must construe it liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court has broad discretion in determining whether a complaint is frivolous or malicious. *See, e.g., Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). The Court is not required to accept the allegations set forth in the complaint as true, and may dismiss claims based upon factual allegations that are "irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court concludes that Flores' complaint should be dismissed as frivolous and for failure to state a claim upon which relief can be granted. The Court notes that, within just the past few weeks, two other federal district courts have dismissed virtually identical complaints filed by Flores in those jurisdictions. *See Flores I*, 2015 WL 1757523, at *2-3; *Flores v. U.S. Attorney Gen., et al.*, 2015 WL 1088782, at *2-3 (E.D. Tex. Mar. 4, 2015) ("*Flores II*"). As the *Flores II* court noted, Flores' "allegations border on factual frivolity because it appears wholly incredible that the Government Defendants would use satellite genetic coding to injure the plaintiff and his family members, much less an entire class of similarly situated Mexican-Americans." *Flores II*, 2015 WL 1088782, at *3. That court took judicial notice of the fact that Flores has filed approximately 140 lawsuits virtually identical to this one in jurisdictions throughout the country, and indicated that "[s]wift dismissal is warranted to avoid further expenditure of judicial resources on a frivolous proceeding." *Id.* (citing several other cases filed by Flores that were dismissed for failure to state a claim and/or as frivolous pursuant to §1915(e)). This Court concurs and similarly finds that Flores' instant complaint should be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915(e)(2)(B).

## III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Flores' application to proceed *in forma pauperis* **(Doc. #2)** is **GRANTED**. **IT IS RECOMMENDED** that Flores' complaint (**Doc. #1**) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B) as legally frivolous and for failure to state a claim upon which relief may be granted. Flores should be warned that any further frivolous filings by him may result in the issuance an order restricting his ability to commence future civil actions in the Eastern District of Michigan.

Dated: April 29, 2015
Ann Arbor, Michigan

s/David R. Grand
DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be

concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager